[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Joseph DeMasi, filed a Petition for Writ of Habeas Corpus dated January 17, 1997. He then filed a corrected amended petition dated August 28, 1997. The respondent's return is dated September 17, 1997. The petitioner's petition is in two counts. The first count alleges that the respondent erroneously failed to give the petitioner credit on his sentence for the period between January 24, 1995 and March 15, 1996 wherein he was incarcerated in Mexico contesting extradition to Connecticut. The second count alleges ineffective assistance of his attorney.
On May 28, 1987 the petitioner pled guilty to two counts of risk of injury and one count of sexual assault in the second degree in the Danbury Superior Court. On each count he received concurrent sentences of ten years incarceration suspended after he served seven years with five years probation. That sentence was imposed on August 4, 1987. He was released from incarceration on those sentences on May 19, 1992. On January 15, 1993 he was arrested for a violation of his probation on the aforesaid sentences. On April 2, 1993 after a hearing it was found that the petitioner violated his probation and he was ordered to serve the remaining unserved portion of his ten year sentences.
On September 2, 1993 the petitioner posted an appeal bond on his violation of probation matter and was released from jail. On April 5, 1994 the appeal of the petitioner's violation of probation was denied. Subsequently his petition for certification to the Connecticut Supreme Court was also denied. He was then to report to the proper authorities in Connecticut to resume serving his aforesaid sentences. This he did not do.
The petitioner was eventually found to be living in Mexico under an alias name. He was then picked up by the Mexican authorities for extradition to Connecticut. He contested said extradition and while so doing he was in jail from January 24, 1995 to March 12, 1996. On March 12, 1996 he lost his extradition case in the court in Mexico and was returned to Connecticut, arriving here on March 15, 1996. He is also claiming he should receive jail credit time for March 13, 1996, March 14, 1996 and CT Page 10564 March 15, 1996 while he was being transported from Mexico to Connecticut.
Bardominano Montes-De Oca Juarez, the attorney who represented the petitioner in his extradition proceedings in Mexico, testified in this matter. He testified that he told the petitioner when asked that under Mexican law he would get credit for the time he spent in jail fighting extradition on his sentence if he were to lose, and subsequently he extradited. Attorney Montes also testified that he told the petitioner that in justice he should receive credit for such jail time on his sentence. When the court asked Attorney Montes if he told the petitioner that he would receive credit on his Connecticut sentence for the time he spent in a Mexican jail fighting his extradition to Connecticut, he answered "No," to the way the question is phrased (or some such language to that effect). Attorney Montes is a licensed attorney in Mexico but he is not licensed to practice law in Connecticut.
The petitioner Joseph DeMasi testified that it was of the utmost concern to him if he would receive credit on his Connecticut sentence for the time he spent in jail in Mexico while contesting extradition should he lose. He further stated he was told it could take up to one year contesting this extradition proceeding. He testified his attorney's advice influence him to contest extradition. The petitioner testified he also spoke several times via the telephone from his Mexican jail to Attorney John Williams of New Haven, Connecticut, about whether the time he spent in jail in Mexico contesting extradition would count as time served on his Connecticut sentence should he lose. Mr. DeMasi stated that after talking with Attorney Williams he understood the time he spent in jail in Mexico fighting his extradition to Connecticut would count against his Connecticut sentence should he lose.
The court would note that Attorney John Williams has not filed an appearance in this file nor did he testify during this hearing.
Mary Jane Steele testified for the respondent. She is employed by the Department of Corrections as a Record Specialist II. She testified that the respondent did not credit the petitioner for any time served on his sentence between January 24, 1995 and March 15, 1996 because he was not in a Connecticut jail during that period. She stated a prisoner can get credit for CT Page 10565 time served in an out-of-state jail on a Connecticut sentence if there is an agreement on the same. There was no such agreement in this case.
In Connecticut it is well established that a prisoner who is incarcerated in another state and who is contesting his or her extradition back to the State of Connecticut does not receive credit for such jail time when it is presentence time. Johnson v.Manson, 196 Conn. 309 (1985); Taylor v. Robinson, 196 Conn. 572
(1985). Petitioner's counsel argues that those cases are distinguished from this case because this case concerns "sentenced time" and those cases involved "presentence time." This court disagrees with that distinction and finds that theJohnson and Taylor cases should be followed in this case. Therefore the court denies the Petition for Writ of Habeas Corpus based on the grounds set forth in the first count thereof.
In the second count of his petition the petitioner alleges his counsel was ineffective. The court believes he is claiming both Attorney Montes and Attorney Williams were ineffective. The Connecticut Supreme Court has adopted the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under these cases, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Id. While the aforementioned case involved the performance of a trial counsel, the same standard would apply in this matter where the ineffective assistance of counsel claim relates to the advice of an attorney given prior to an extradition hearing.
After hearing the evidence relative to the second count in the petition, this court finds that the petitioner has failed to sustain his burden of proof as to either prong of the test set forth in Strickland v. Washington, supra. From the evidence presented at this habeas hearing, this court finds that the petitioner has failed to prove his counsel's representation and advice was deficient or that he was prejudiced by such representation or advice.
For the above reasons the petitioner's Writ for a Petition of Habeas Corpus is denied.
William J. Sullivan, Judge CT Page 10566